IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICK C. SPURGEON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-0422–CV-W-HFS |
| WESLEY R. SCANTLIN, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the court is the motion of defendant, Wesley R. Scantlin, to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff, Patrick C. Spurgeon, commenced this action alleging in Count I, a claim for declaratory judgment of copyright ownership; in Count II, a claim for breach of fiduciary duty and breach of duty to account; and in Count III, a claim of unfair competition under the Lanham Act.[2]

Plaintiff claims federal jurisdiction under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., as well as 28 U.S.C. §§ 1331 and 1338. Plaintiff also claims federal jurisdiction under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

---

[1] Also, before the court is plaintiff's motion, with defendant's consent, for an extension of time to respond to the motion to dismiss.

[2] In his suggestions in opposition, plaintiff consents to dismissal of Count III.

## Background Facts

Plaintiff alleges that beginning in 1993, defendant, Kenneth Burkitt, and Sean Sammon jointly authored musical compositions, collaborated on business matters, and performed together, and with others, as a musical group known as Puddle of Mudd "the group". (Complaint: ¶ 5).[3] At some point, defendant Scantlin was invited to join the group and perform as vocalist; in April of 1999, plaintiff was invited to join the group and play bass, and he performed with the group until the winter of 1999. (Id:¶¶ 8-9, 11). In May of 1999, plaintiff and Burkitt developed the music arrangement for two songs known as "Pussy Perfume" and "Hate Sex" (collectively referred to as "the Perfume Song"). (Id: ¶ 12). Shortly thereafter, defendant Scantlin joined with plaintiff and Burkitt in writing the lyrics to the Perfume Song. (Id: ¶ 13). Throughout the summer and fall of 1999, the group performed at venues in Missouri and Kansas. (Id: ¶¶ 15-18).

In November of 1999, defendant Scantlin and Barron Cravens arranged for several songs of the group to be heard by Fred Durst, a member of the band Limp Bizkit and manager of a record label called Flawless Records. (Id: ¶¶ 19-20). The group was then contacted by Danny Wimmer, an agent for Flawless Records, and plaintiff, defendant, Burkitt, and Cravens auditioned for him at plaintiff's home. (Id: ¶¶ 21-22). Although the group and Wimmer engaged in discussions regarding an exclusive recording agreement, only defendant Scantlin was signed to such an agreement. (Id: ¶¶ 23-24).

Plaintiff claims that after defendant was signed to the recording contract he conspired with Wimmer, Durst, and the record companies to breach his business relation with plaintiff and other

---

[3]In addition to being founders of the group and writing songs, Burkitt performed as drummer and percussionist and Sammon performed as bass player. (Complaint: ¶¶ 6-7).

members of the group, and further conspired to form another musical group also known as Puddle of Mudd "the new group". (Id: ¶¶ 25, 28). In August of 2001, the new group produced an album called "Come Clean" which included a song entitled "Control." (Id: ¶ 32). Pertinent copyrighs were registered in late 2001 and early 2002. According to plaintiff, the music and lyrics of "Control" were substantially similar to the Perfume Song, and after the release of the album the new group performed throughout the United States and Europe. (Id: ¶ 33, 35). Further, copies of the album Come Clean have been sold throughout Missouri, and while defendant has received substantial monies, plaintiff has not received any compensation. (Id: ¶¶ 38-39).

Defendant contends that plaintiff fails to state a claim on which relief can be granted because plaintiff's claim seeking a judgment declaring himself co-owner of the Perfume Song is barred by the statute of limitations. Thus, because plaintiff's co-ownership claim is time-barred, defendant argues that plaintiff cannot establish co-ownership, therefore, he cannot legally establish that defendant owes him a fiduciary duty or a duty to account.

## Analysis

In considering a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Diamond v. Gillis, 357 F.Supp.2d 1003, 1005 (E.D.Mich. 2005) (internal citations omitted). However, in order to survive such a motion, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Diamond, at 1005.

It has been held that "[a] claim for a declaratory judgment of co-ownership [of copyrighted material] and the relief ancillary to such a claim is a civil action, and '[n]o civil action shall be maintained .... unless it is commenced within three years after the claim accrued.' " Johnson v. Berry, 171 F.Supp.2d 985, 989 (E.D.Mo. 2001); quoting, 17 U.S.C. § 507(b). Yet, as noted by the Ninth Circuit, "there is a surprising lack of precedent on the question of when a cause of action claiming co-ownership of a copyright accrues." Johnson, at 989; quoting, Zuill v. Shanahan, 80 F.3d 1366, 1369 (9th Cir. 1996). The Second Circuit has held that "[a] cause of action accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised." Johnson, at 989; quoting, Stone v. Williams, 970 F.2d 1043, 1048 (2nd Cir. 1992); see also, Merchant v. Levy, 92 F.3d 51, 56 (2nd Cir. 1996). Similarly, "a cause of action accrues when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." Id; quoting, Netzer v. Continuity Graphics Associates, Inc., 963 F.Supp. 1308, 1315 (S.D.N.Y. 1997).

Plaintiff alleges that the song "Control" is substantially similar to the Perfume Song of which he is a copyrighted co-owner, and he complains that he did not receive any compensation from the release of "Control." However, defendant argues that since the copyright for "Control" was registered on December 26, 2001, and the copyright for the computer sound of "Control" was registered on March 13, 2002, plaintiff's cause of action accrued on either date, and became time-barred on either December 26, 2004, or March 13, 2005. Consequently, the filing of the complaint on May 24, 2006, was untimely.

Initially, plaintiff contends that since his claim is not one of copyright infringement, but rather, one for an accounting of profits among co-owners of copyrighted material, his claim is subject to the 5 year state law statute of limitations. Plaintiff cites no authority for this contention,

4

but a ruling in the Second Circuit provides adequate instruction on this issue. See, Weber v. Geffen Records, Inc., 63 F.Supp.2d 458, 463 (S.D.N.Y. 1999) (no cause of action, whether or not brought under the Copyright Act, may be premised on a time-barred challenge to a copyright).[4] A district court in this Circuit has also found the rationale of Weber to be sound. Johnson v. Berry, 228 F.Supp.2d 1071, 1077 (E.D.Mo. 2002). Under circumstances similar to those at bar, Judge Stohr found that "[i]t would be anomalous to hold that plaintiffs are precluded from seeking a declaration of co-authorship and, at the same time, that they are permitted to claim a breach of the duties that co-authorship might impose." Johnson v. Berry, 228 F.Supp.2d at 1077. Thus, Judge Stohr held that the plaintiff could not state a claim with any non-copyright cause of action that depended on a copyright claim that would be time-barred under the Copyright Act. Id.

Plaintiff cites Harrington v. Mure, 186 F.Supp. 655 (S.D.N.Y. 1960)[5] in support of his argument that his claim for an accounting does not arise under Copyright law. However, his reliance is misplaced, for once the court in Harrington found that the plaintiff made no allegation of invalidity or infringement, and conceded the lack of diversity of citizenship between the parties, the court concluded that the case did not arise under Copyright Law, resulting in the court's lack of jurisdiction to entertain the action.[6]

---

[4]The reasoning used by the Weber court is quite persuasive. The court noted that the only duty that existed between co-authors

[5]Harrington was subsequently superseded by statute as stated in Lombardi v. Suares, 923 F.Supp. 51, 54 (S.D.N.Y. 1996), which concluded that the issue of whether a decision defining whether a plaintiff contributed to a joint work is one of copyright law.

[6]Similarly unavailing is plaintiff's reliance on Oddo v. Ries, 743 F.2d 630 (9th Cir. 1984), where the court held that because a partner's duty to his co-partner is different from interests protected by copyright, a cause of action for breach of fiduciary duty owed a partner was not preempted by copyright laws. Consequently, where the dispute is not grounded in an action arising under copyright law, but rather, is an accounting problem between two partners, the

5

The proposition plaintiff offers was held in cases, unlike that alleged here, which did not arise under copyright law. Apparently, under such circumstances the request for an accounting is wholly considered under applicable state law. However, the appropriate holding remains that no cause of action, even if not brought under the Copyright Act, may be premised on, as here, a time-barred challenge to a copyright.

Plaintiff also argues that a dismissal based on limitations grounds would be premature since defendant's presumption that the limitations period began on the dates of the copyright registration of "Control" may be inaccurate, i.e. 12/26/01 and 3/13/02. Because although not pleaded, plaintiff claims that he did not learn of the similarities between the Perfume Song and "Control" until it was brought to his attention by another member of the former group who commenced a lawsuit against defendant. According to plaintiff, this revelation occurred in either August or September of 2005, thus making his lawsuit filed in May of 2006, timely. As such, plaintiff seeks leave to amend his complaint.[7]

Accepting the guidance of an opinion by Judge Posner, in the absence of better statements of the law in this Circuit, I conclude that the three-year statute is probably applicable to the claim presented, but that defendant Scantlin's attempt to rely on the registration date is probably unsound. The accrual date cannot be determined from the pleadings, and therefore the motion to dismiss Counts I and II cannot be granted. This ruling is, of course, not a bar to summary judgment if, as

---

question of preemption by federal copyright law does not arise.

[7]Defendant argues that amendment of the complaint in opposition to a motion to dismiss is impermissible. While it is true that any allegations made in subsequent legal memoranda cannot correct inadequacies within a complaint, see, Tuttle v. Lorillard Tobacco Co. 118 F.Supp.2d 954, 959 (D.Minn. 2000); plaintiff will be permitted to file an amended complaint within fourteen (14) days from the date of this order.

6

seems possible, suit was filed more than three years after the accrual date. See Gaiman v. McFarlane, 360 F.3d 644, 652-657 (7th Cir. 2004); Caimbridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.M.B.H. & Co., 448 F. Supp. 2d 244, 257-261 (D. Mass. 2006)

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (ECF doc. 15) is GRANTED as to Count III and otherwise is DENIED without prejudice. It is further

ORDERED that plaintiff's unopposed motion for an extension of time to respond to the instant motion (ECF doc. 23) is GRANTED retroactively.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 11, 2007

Kansas City, Missouri

7

Case 4:06-cv-00422-HFS   Document 27   Filed 06/11/07   Page 7 of 7